UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No. _____

DMSO STORE, INC.,

    Plaintiff,

v.

BRANDON WILLIAMS,

    Defendant.
_____/

# **COMPLAINT**

Plaintiff, DMSO STORE, INC. sues the Defendant, BRANDON WILLIAMS, and states as follows:

1. At all times material hereto, Plaintiff, DMSO STORE, INC., was and is a Florida corporation incorporated under the laws of the State of Florida that maintained an office for the regular transaction of business in Broward County, Florida.

2. At all times material hereto, Defendant, BRANDON WILLIAMS, was and is a resident of Broward County, Florida.

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1338(a) (2025) as the federal district courts hold original jurisdiction of all civil actions arising under copyright law.

4. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (2025).

5. Venue is appropriate in this forum pursuant to 28 U.S.C. § 1391 (2025) as Defendant resides in Broward County, Florida, and as the causes of action accrued in Broward County, Florida.

6. On or about March 12, 2024, Defendant and Plaintiff entered into an employment relationship, where Defendant was hired to perform marketing work for Plaintiff.

7. As part and parcel to the marketing position, Defendant was directed by and received payment from Plaintiff, through its officers, employees and/or agents, to redesign Plaintiff's Shopify store and BTD Liquidations' website.

8. Defendant did, in fact, perform the redesign work and was paid by Plaintiff, accordingly.

9. However, on or about February 14, 2025, Defendant abruptly quit his job and sent a vulgar, threatening email to Plaintiff's principal.

10. On that same day, Defendant accessed Plaintiff's Shopify store and deleted the design work he performed for Plaintiff during his employment as well as the design work performed by other employees of Plaintiff.

11. Additionally, Defendant restricted the BTD Liquidations website of which he was hired and compensated to design and demanded Plaintiff pay a ransom to access the website again.

12. The redesigned Shopify store and BTD Liquidations website were paid for entirely, and access to both sites are crucial for Plaintiff to sell its products and function as a business.

13. All conditions precedent necessary to maintain this action have been satisfied by Plaintiff.

14. Plaintiff has retained the undersigned counsel and is obligated to pay said attorneys a reasonable fee.

## COUNT I

## DECLARATORY RELIEF

14. Plaintiff repeats and re-alleges the allegations of Paragraph 1-14 as if same were fully set forth herein and further alleges as follows:

15. This is a claim for declaratory relief pursuant to 28 U.S.C. § 2201 (2025).

16. Pursuant to 28 U.S.C. § 2201(a) (2025), the Court possesses the authority to declare the rights of an interested party seeking such declaration in a case of actual controversy.

17. 17 U.S.C. § 201(b) (2025) states that "[i]n the case of a work made for hire, the employer… for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright."

18. Defendant's website design work was prepared for his former employer, Plaintiff, in the course and scope of Defendant's employment.

19. There was no written express agreement signed by anyone asserting that the website designs made by Defendant for Plaintiff were the property of Defendant.

20. Plaintiff is in doubt as to its rights to the website designs. More specifically, Plaintiff contends that Defendant cannot claim ownership over the website designs as such work is squarely considered "work made for hire" produced in the course of employment for the benefit of Plaintiff, the employer.

21. Plaintiff requires the Court to determine that Plaintiff is the owner of the website designs and needs declaratory relief to establish same.

WHEREFORE, Plaintiff demands judgment against Defendant for the requested declaratory relief, attorney's fees and costs and for any other relief the Court deems just, equitable and proper.

## COUNT II

## COPYRIGHT INFRINGEMENT

22. Plaintiff repeats and re-alleges the allegations of Paragraph 1-14 as if same were fully set forth herein and further alleges as follows:

23. Plaintiff is the owner of the website designs that Defendant created as work made for hire for the benefit of Plaintiff pursuant to 17 U.S.C. § 201(b) (2025). Further, there is no agreement establishing that the website designs were to be owned by Defendant.

24. As the website designs were work made for hire, Plaintiff is the author of the designs and has ownership over the valid copyrights. 17 U.S.C. § 201 (2025).

25. Notwithstanding Plaintiff's ownership, Defendant claimed he owned the website designs and claimed possession of same by deleting the DMSO Store design and taking down the BTD Liquidations' website.

26. Defendant's actions constitute violations of Plaintiff's rights towards the designs, including the right to reproduce the designs and to publicly display the designs.

27. By preventing Plaintiff from exercising its exclusive rights towards the designs, Defendant is infringing on Plaintiff's copyrights and has caused Plaintiff to suffer actual damages.

WHEREFORE, pursuant to 17 U.S.C. § 502 (2025), Plaintiff requests the Court to order Defendant to return the website designs to Plaintiff and to enjoin Defendant from treating the designs as if he maintains ownership over them as well as attorney's fees and costs and for any other relief the Court deems just, equitable and proper.

## COUNT III

## CONVERSION

28.  Plaintiff repeats and re-alleges the allegations of Paragraph 1-14 as if same were fully set forth herein and further alleges as follows:

29.  Defendant obtained possession of Plaintiff's websites and website designs through the course of his employment by Plaintiff.

30.  Defendant deprived Plaintiff of its property in a manner inconsistent with ownership of same.

31.  As a result, Defendant converted Plaintiff's websites and designs causing Plaintiff to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, prejudgment interest, costs and for any other relief the Court deems just, equitable and proper.

## COUNT IV

## UNJUST ENRICHMENT

32.  Plaintiff repeats and re-alleges the allegations of Paragraphs 1-14 as if same were fully set forth herein.

33.  Plaintiff paid Defendant for the website design work and such payment was accepted by Defendant.

34.  Defendant voluntarily and knowingly accepted the benefit conferred upon it by Plaintiff.

35.  After accepting payment for the work, Defendant deleted the design work and has locked Plaintiff from accessing its own site.

36.     It would be inequitable for Defendant to retain the benefit of the payments made by Plaintiff without compensating Plaintiff with the paid-for design work and website.

WHEREFORE, Plaintiff demands judgment against Defendant for damages along with an award of taxable costs, prejudgment interest and for any other relief the Court deems just, equitable and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated this 1st day of March 2025.

/s Brad E. Kelsky
KELSKY LAW, P.A.
FBN:  0059307
Counsel for Plaintiff
150 S. Pine Island Road
Suite 300
Plantation, FL 33324
954.449.1400
Fax:  954.449.8986
Primary:  bradkelsky@kelskylaw.com
Secondary:  barbarallinas@kelskylaw.com
Secondary:  benkelsky@kelskylaw.com