UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60401-LEIBOWITZ/AUGUSTIN-BIRCH

**DMSO STORE INC.**,

    *Plaintiff*,

v.

**BRANDON WILLIAMS**,

    *Defendant*.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff DMSO Store, Inc.'s ("Plaintiff" or "DMSO") Motion to Dismiss Counterclaim (the "Motion") [ECF No. 11], filed on April 23, 2025, in response to Defendant's Counterclaim (the "Counterclaim") [ECF No. 9 at 10]. *Pro se* Defendant Brandon Williams ("Defendant" or "Mr. Williams") submitted a response in opposition to the Motion (the "Response") [ECF No. 21].[1] Plaintiff submitted a reply in support of the Motion (the "Reply") [ECF No. 22]. The Court has reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons stated below, the Motion [ECF No. 11] is **GRANTED**.

### I.     BACKGROUND

---

[1] The following timeline is for purposes of clarification. Mr. Williams' Response to the Motion was due on May 7, 2025. [ECF No. 11]. When Mr. Williams did not file a response by the deadline, the Court issued an order on May 22, 2025, incorrectly ordering Plaintiff to file a response to the Motion by May 29, 2025. [ECF No. 16]. Plaintiff moved for clarification as to whether Plaintiff was required to respond to the Motion [ECF No. 18], and the Court clarified that it had erred in its May 22, 2025 Order and that it was Mr. Williams who must respond to the Motion [ECF No. 19]. The Court extended the deadline to June 4, 2025, for Mr. Williams to respond to the Motion. [*Id.*]. On June 2, 2025, Mr. Williams filed an emergency motion for an extension of time to respond to the Motion [ECF No. 20]; however, the Court denied the emergency motion as moot because Mr. Williams submitted his Response to the Motion the same day [ECF No. 21; ECF No. 23].

On March 1, 2025, DMSO filed its Complaint alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) for this copyright action, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for DMSO's state law claims. [ECF No. 1 ¶¶ 3–4]. On April 10, 2025, Mr. Williams filed a Counterclaim in this action against DMSO. [ECF No. 9 at 10]. Mr. Williams alleges a claim for unpaid wages. [*Id.*]. Mr. Williams alleges that DMSO "violated the Fair Labor Standards Act and Florida Statutes." [*Id.*]. Mr. Williams seeks "unpaid wages, liquidated damages, and interest." [*Id.*]. DMSO argues in its Motion that the Counterclaim fails to state a claim upon which relief can be granted. [ECF No. 11]. Mr. Wiliams' Response argues that his Counterclaim does set forth an adequate cause of action. [ECF No. 21]. The Court will address the issues raised in the parties' papers in light of the record and applicable law.

## II.     LEGAL STANDARD

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014). A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as a general rule, a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

The Court notes that *pro se* plaintiffs are generally held to a more liberal standard of pleading under the Federal Rules. The Court has a duty to "liberally construe a pro se litigant's assertions[.]" *See Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (cleaned up). "Nevertheless, even *pro se* litigants must meet certain minimal standards of pleading." *St. John v. United States*, 54 F. Supp. 2d 1322, 1323 (S.D. Fla. 1999). "The Court is not required to abrogate the basic pleading essentials or conjure up unpled allegations simply because a plaintiff is proceeding *pro se*." *Button v. McCawley*, No. 0:24-cv-60911, 2025 WL 50431, at *4 (S.D. Fla. Jan. 8, 2025) (cleaned up).

Through this lens, the Court considers the Motion.

### III.  DISCUSSION

In support of its request for dismissal, DMSO argues that the Counterclaim fails to state a claim upon which relief can be granted because it lacks sufficient factual allegations and presents a compound legal conclusion that remains insufficient to state any causes of action. [ECF No. 11 at 2]. The Motion contends that the Counterclaim simply mentions that Plaintiff violated the Fair Labor

3

Standards Act and Florida Statutes without offering concrete factual support or a clear cause of action. [*Id.* at 2–3].  Alleging only that DMSO violated "Florida Statutes" without specifying how or which Florida Statute is at issue lacks the necessary specificity required under the Federal Rules.  [ECF No. 9 at 10].  Thus, the Court finds that Mr. Williams has failed to allege a counterclaim for violation of any Florida Statute.

Mr. Williams may be able to allege a claim for violation of the Fair Labor Standards Act (FLSA); however, that claim too fails to plead facts that demonstrate each of the necessary elements for an FLSA claim.  [*Id.*].[2]  Thus, the Court agrees with Plaintiff that "Defendant's mere legal conclusion as to a FLSA violation is insufficient to state a cause of action."  [ECF No. 11 at 2].

Therefore, for both the Florida Statutes violation and the FLSA violation, the Counterclaim fails to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which mandates a "short and plain statement of the claim" showing entitlement to relief and lacks necessary factual allegations showing how Plaintiff's actions violated the law.  Even though the Counterclaim does not meet these pleading requirements, *pro se* litigants are entitled to an opportunity to amend their claims to comply with procedural rules and provide sufficient factual detail to support their claims.  *See King v. Dieppa*, No. 22-CV-62073-RAR, 2022 WL 17414991, at *1 (S.D. Fla. Dec. 5, 2022); *see also Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (noting that where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, the movant is entitled an opportunity to amend).  The Court must balance the liberal construction afforded to *pro se* pleadings with the requirement that all complaints provide a "short and plain statement" of the claim showing entitlement to relief.  *See Haines*, 404 U.S. at 520–21.

---

[2]  Defendant Williams' Response to the Motion helped clarify the intent behind Defendant's Counterclaim.  However, a court does not have license to rewrite a deficient *pro se* pleading to sustain an action.  *In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 125 F.4th 1365, 1377 (11th Cir. 2025).

Accordingly, although the Counterclaim lacks sufficient clarity, outright dismissal with prejudice is not warranted at this stage.  Defendant Williams shall be granted an opportunity to amend his Counterclaim to clearly identify the specific cause(s) of action and include sufficient factual allegations to support each claim.

IV.     CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Motion [**ECF No. 11**] is **GRANTED**.  Defendant's Counterclaim [**ECF No. 9 at 10**] is **DISMISSED WITHOUT PREJUDICE**.  Defendant Brandon Williams may file an Amended Counterclaim that clearly identifies the specific cause(s) of action and includes sufficient factual allegations to support each claim.  **Defendant may file a Motion for Leave to File an Amended Counterclaim with a copy of the Amended Counterclaim attached no later than June 30, 2025**.  Failure to timely file a Motion for Leave to File an Amended Counterclaim with a copy of the Amended Counterclaim attached that complies with this Order and the Federal Rules of Civil Procedure may result in dismissal of Defendant's Counterclaim with prejudice.

**DONE AND ORDERED** in the Southern District of Florida on June 10, 2025.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     Brandon Williams, *pro se*
        2021 NW 136th Ave
        Building 4, Apt. 373
        Sunrise, FL 33323
        954-664-7197
        muckfogley@gmail.com

        counsel of record